UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BANKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BROWN, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00845-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Rodney Banks alleges the defendants refused to return his property after he completed time on "C-status." (Doc. 10.) The Court finds that Plaintiff's second amended complaint fails to state a claim on which relief can be granted. Given that Plaintiff has received two opportunities to amend his pleading (Docs. 7, 9), the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). The Court therefore recommends that this action be dismissed for failure to state a claim.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.     PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

**B.  Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. PLAINTIFF'S FACTUAL ALLEGATIONS[1]

Plaintiff is incarcerated at Kern Valley State Prison. On May 16, May 26, and June 2, 2019, Plaintiff submitted three "CDCR 22" forms, requesting the return of his property after he completed 180 days on "C-Status." (Doc. 10 at 4-6.) Plaintiff addressed the forms to Correctional Sergeants Brown, Anderson, and Sargent, respectively, but he did not receive a response to any of his requests. (*See id.*)

On July 25, 2019, Plaintiff filed a grievance regarding the refusal to respond to his requests or return his property. (*Id.* at 7.) Sergeant Seals interviewed Plaintiff as part of the grievance-review process, during which he informed Plaintiff that Brown, Anderson, and Sargent had never received the CDCR-22 requests. (*Id.* at 4-6.) Associate Warden Stark declined to initiate an investigation into the matter. (*Id.* at 7.)

## IV. DISCUSSION

**A.  Due Process**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "An authorized, intentional deprivation of property is actionable under the Due Process Clause." *Christ v. Hartley*, No. 1:11-cv-00705-AWI-DLB, 2013 WL 127737, at *3 (E.D. Cal. 2013) (citing

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

*Hudson v. Palmer*, 468 U.S. 517, 532 (1984)) (citations omitted). "An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes." *Christ*, 2013 WL 127737, at *3 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982) (citation omitted). However, "an *unauthorized* intentional deprivation of property by a state employee does not constitute a violation of . . . Due Process . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533 (emphasis added). "California [l]aw provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895.) State prisoners "may file suit in state court pursuant to California Government Code §§ 900, *et seq.*, to seek recovery for a tort" committed by a state employee. *Boswell v. Perez*, No. 1:09-cv-00822-MJS, 2011 WL 4500010, at *2 (E.D. Cal. 2011) (citations omitted).

Plaintiff implies that the deprivation of his property was not authorized by established state procedures or policies. (*See* Doc. 10 at 4-7.) The Court therefore finds that Plaintiff attempts to challenge an unauthorized, intentional deprivation of his property. Consequently, Plaintiff's due process claim is not cognizable because he has an adequate remedy under state law. *See Barnett*, 31 F.3d 813, 816-17. That is, under the California Tort Claims Act, Plaintiff may file a lawsuit in state court. *See Boswell*, 2011 WL 4500010, at *2.

Plaintiff also fails to show that any of the defendants' actions or failures to act caused the deprivation of which he complains. Though he alleges that Sergeants Brown, Anderson, and Sargent neglected to respond to his CDCR 22 requests regarding his property (Doc. 10 at 4-6), he does not allege any facts that show that these defendants actually caused the deprivation of his property.

To the extent that Plaintiff challenges the processing of the administrative appeal he filed concerning his property (*see id.* at 7), the Court notes that "inmates lack a . . . constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted). Thus, Associate Warden Stark's alleged refusal to open an investigation in response to the appeal does not, by itself, establish a cognizable claim.

///

4

### B. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of . . . inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted).

"In order to establish . . . [an Eighth Amendment] violation, [p]laintiffs must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, plaintiffs must show that their alleged deprivation is "sufficiently serious." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted). To be sufficiently serious, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, plaintiffs must show that the prison official was deliberately indifferent to their health or safety. *Farmer*, 511 U.S. at 834.

Plaintiff alleges the deprivation of his property subjected him to cruel and unusual punishment. (Doc. 10 at 4-7.) However, his allegations fail to satisfy the first, objective prong of an Eighth Amendment claim, since they fail to show that the alleged deprivation of property "result[d] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (citation omitted). In short, Plaintiff's claims are not sufficiently serious to implicate the Eighth Amendment.

### C. Retaliation

A claim of First Amendment retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted).

"Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution.'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff does not state a cognizable retaliation claim against Defendant Stark. Although Plaintiff alleges that he engaged in protected activity, i.e., filing an administrative grievance regarding the refusal to respond to his CDCR 22 requests (Doc. 10 at 7), he does not provide any facts showing that Stark refused to open an investigation into the matter *because* he filed the grievance.

## V. FINDINGS AND RECOMMENDATION

For the reasons set forth above, Plaintiff's second amended complaint (Doc. 10) fails to state a cognizable claim under federal law. Given that Plaintiff has received two opportunities to amend his pleading (Docs. 7, 9), the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court RECOMMENDS that this action be DISMISSED for failure to state a claim on which relief can be granted. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

6

Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 22, 2021**__              _ **/s/ Jennifer L. Thurston**
                                              CHIEF UNITED STATES MAGISTRATE JUDGE